IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

TRAVIS LEROY BALL,             :
                                       :
          **Plaintiff,**        :
                                       :
**VS.**                        :     **NO. 5:22-CV-444-MTT-CHW**
                                       :
**Sheriff GARY LONG,**     :
                                       :
                                       :
          **Defendant.**     :
_____:

## ORDER

Plaintiff Travis Leroy Ball, a prisoner in the Coffee Correctional Facility in Nicholls, Georgia filed a 42 U.S.C. § 1983 action.  ECF No. 1.  He moved to proceed *in forma pauperis* but failed to include a certified copy of his trust fund account statement. ECF No. 2.  On February 10, 2023, the Court ordered Plaintiff to provide a certified copy of his trust fund account statement, which should include a copy of his transactions for the past six months.  ECF No. 4.

Plaintiff responded but failed to follow the Court's instructions.  ECF No. 8.  Instead of providing a certified copy of his trust fund account statement that included a printout showing transactions for the preceding six months, he filed what appears to be a receipt from "TurnKey Corrections." ECF No. 8.  Plaintiff stated this document shows a "$0.00 balance in [his] inmate trust account in the Upson County Sheriff's Office."  ECF No. 8 at 1.  It did not.

The Court, therefore, on April 3, 2023, ordered Plaintiff to show cause why his case should not be dismissed for failure to follow the Court's instructions in the February 10,

2023 Order.  The Court ordered Plaintiff to either provide the necessary financial document or, if unable to do so, provide the Court with (1) the name of the jail official from whom he requested a certified copy of his account statement; (2) the date he made that request; (3) the name of the jail official who refused to provide a certified copy of Plaintiff's account statement; and (4) the date that he was notified that the jail official would not provide a certified copy of his account statement.  ECF No. 9.  Plaintiff was given fourteen days to respond to the Order to Show Cause and was informed that failure to respond and follow the Court's instructions would result in immediate dismissal of Plaintiff's complaint.  *Id*. Plaintiff did not respond to the Order to Show Cause.

The Court dismissed Plaintiff's action due to his failure to respond. ECF No. 10. Following dismissal, Plaintiff notified the Court that he was transferred to the Georgia Diagnostic and Classification Prison in Jackson, Georgia and subsequently to Coffee Correctional Facility in Nicholls, Georgia.  ECF Nos. 13; 16.  Due to his transfer, Plaintiff did not receive the April 3, 2023 Order to Show Cause.  ECF No. 12.  The Court, therefore, vacated the Order dismissing Plaintiff's action and re-sent the Order to Show Cause to Plaintiff at his new address, giving him fourteen additional days to provide a certified copy of his trust fund account statement.  ECF No. 14.  Plaintiff was given numerous opportunities to provide a certified copy of his trust fund account statement and, therefore, the Court specifically told Plaintiff in the May 18, 2023 Order that this was his "FINAL opportunity" to comply.  ECF No. 14 at 2.  Plaintiff has not responded to the May 18, 2023 Order.

Due to Plaintiff's failure to follow the Court's Orders and prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**.  Fed. R. Civ. P. 41(b); *Brown v.*

*Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Ctny. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

      **SO ORDERED**, this 27th day of June, 2023.

S/ Marc T. Treadwell

MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT